IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                        No. CR 14-0131 RB

JUAN ANTONIO ALVAREZ-RAMIREZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant's Motion to Continue Jury Trial (Doc. 50) and Motion to Determine Competency of the Defendant (Doc. 51). For the reasons that follow the Court denies these motions.

I.      **Background**

On January 15, 2014, the Grand Jury charged Defendant (Mr. Alvarez) and Co-Defendant Ronnie Joe Lopez with: (Count 1) conspiracy to commit possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846; (Count 2) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (Count 3) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 2). Additionally, the Grand Jury charged Ronnie Joe Lopez with (Count 4) illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(l)(D). (*Id.*)

Mr. Alvarez was arrested on January 23, 2014, and he has been detained since that date. (Docs. 8; 13; 29). On January 27, 2014, the Court appointed Attorney Jeff Lahann to represent

Mr. Alvarez pursuant to the Criminal Justice Act. (Doc. 7). Mr. Lahann filed an appeal from the magistrate judge's detention order. (Doc. 21). After hearing on February 27, 2014, the Court denied the appeal. (Docs. 27 and 29). On February 26, 2014, Ronnie Joe Lopez filed an unopposed motion to continue the trial for sixty days in which Mr. Alvarez joined. (Doc. 26). The Court granted this motion and continued the trial for sixty days. (Doc. 28).

On March 12, 2014, Attorney Louis E. Lopez filed a Motion to Substitute Counsel, stating that he had been retained to represent Mr. Alvarez. (Doc. 30). The Court granted the motion and Mr. Lopez filed his entry of appearance on March 13, 2014. (Doc. 31).

On April 23, 2014, Mr. Lopez filed an unopposed motion to continue the trial for sixty days, citing only the press of other business, his involvement with a death penalty trial, and ongoing plea negotiations. (Doc. 42.) The Court granted this motion and continued the trial for sixty days. (Doc. 43). On June 27, 2014, Mr. Lopez filed an unopposed motion to continue the trial for sixty days citing the same grounds as the prior motion to continue the trial. (Doc. 45.) The Court granted this motion and continued the trial for sixty days. (Doc. 46).

The Order granting the third motion to continue was issued on June 30, 2014 and reset the trial for September 15, 2014. (Doc. 46). This Order clearly stated that "[n]o further continuances will be sought or granted." (*Id.*) Notwithstanding this admonition, on September 2, 2014, Mr. Lopez filed a Motion to Continue Jury Trial and Motion to Determine Competency of the Defendant. (Docs. 50 and 51). Both motions are unopposed and refer to AUSA Randy Castellano as "Randy Castellano Armijo." (*Id.*)

## II.    Discussion

In the Motion to Continue Jury Trial, Mr. Lopez makes no mention of the Court's order that "[n]o further continuances will be sought or granted." (Doc. 46). In complete disregard of a

direct order, issued by the Court over two months ago, Mr. Lopez moves to continue the trial less than two weeks before it is scheduled to commence. The Tenth Circuit has identified four relevant factors in deciding a motion to continue trial: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance. *United States v. Pursley,* 577 F3d 1204, 1227-28 (10th Cir. 2009) (citing *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (en banc). None of these factors is satisfied in this case.

First, Mr. Lopez has not been diligent. On the contrary, the only documents Mr. Lopez has filed since entering his appearance are the three motions to continue and the motion to determine competency. Second, as discussed *infra*, a continuance would serve no valid purpose as there is no need for a competency determination. Third, the continuance would inconvenience the Court and Mr. Alvarez, who has been detained since January 2014. Finally, Mr. Alvarez will not be prejudiced by the denial of the continuance as there is no need for a competency evaluation. For all these reasons, the Motion to Continue Trial will be denied.

The Motion to Determine Competency is similarly without merit. A determination of the mental competency of a defendant is required "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Consistent with this statutory language, the Tenth Circuit has held that a competency examination is not

required in the absence of a sufficient factual basis for the motion, or a lack of good faith in making the motion. *See United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002) ("Absent findings of an insufficient factual basis for a § 4241(a) motion, or a lack of good faith in making the motion, a competency evaluation is required."). Thus, a motion to determine competency may be denied if it is unsupported by a sufficient factual basis or made without good faith.

As grounds for the Motion to Determine Competency, Mr. Lopez states he believes there is "something wrong" with his client because Mr. Alvarez does not understand the plea offer and Mr. Alvarez insists on making every decision after consulting with his wife. (Doc. 51). Other than these statements, the record contains no information that would lead to any doubts about Mr. Alvarez's mental competency. Notably, Mr. Lahann raised no concerns about Mr. Alvarez's competency during the two-month period he represented him. Moreover, the Court had an opportunity to observe Mr. Alvarez at the February 27, 2014. At the hearing, Mr. Alvarez appeared to understand the proceedings and was able to assist Mr. Lahann. Additionally, the Government has raised no concerns about Mr. Alvarez's competency. Nowhere does Mr. Lopez explain why he did not notice there was "something wrong with the defendant" until less than two weeks before trial. Simply put, Mr. Lopez has failed to present a sufficient factual basis for the § 4241(a) motion.

It bears underscoring that Mr. Lopez represented Mr. Alvarez for more than five months without any concerns about his competency. At the call of the calendar on September 4, 2014, Mr. Lopez stated he had been distracted by a death penalty trial in April and May 2014, but this trial ended in June 2014. Even given his unavailability during the death penalty trial, Mr. Lopez offered no explanation as to why he did not notice any issues with Mr. Alvarez's competency during the two months after the trial ended. The Court finds the timing of the motion to

determine competency extremely suspect as Mr. Lopez filed it less than two weeks before trial and on the same day he moved to continue the trial. Considering these circumstances, combined with the dearth of factual basis for the motion, the Court concludes that the motion to determine competency was a justification for the motion to continue trial and nothing more. Accordingly, Defendant's Motion to Continue Jury Trial (Doc. 50) and Motion to Determine Competency of the Defendant (Doc. 51) will be denied.

   **IT IS SO ORDERED.**

   **ROBERT C. BRACK**
   **UNITED STATES DISTRICT JUDGE**